IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:01-CR-180-1BO
No. 5:12-CV-91-BO

| | | |
|---|---|---|
| ANTOINE NOBEL SMITH, | ) | |
| Petitioner, | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the Court on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 and motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Petitioner contends that he is no longer a career offender under U.S.S.G. 4B1.1 in light of the Fourth Circuit's holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). The government has moved to dismiss petitioner's motions, arguing that this Court is without jurisdiction to consider them pursuant to 28 U.S.C. § 2255(h).

First, the Court notes that the relief that is requested in petitioner's Rule 60(b) motion is that which would result from a successful motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Thus, the Court re-characterizes it as a § 2255 petition. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (a Rule 60(b) motion based on a change in substantive law is in substance a second or successive habeas proceeding and should be so treated); *United States v. Winestock*, 340 F.3d 200, 206-07 (4th Cir. 2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" as will "new legal arguments or proffers of additional evidence"); *see also United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998).

The Antiterrorism and Effective Death Penalty Act of 1996 provides that a second or

successive § 2255 petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2). While "it is settled law that not every numerically second [§ 2255 petition] is 'second or successive' within the meaning of the AEDPA," *In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006), second petitions challenging the same conviction and sentence based on a subsequent change in substantive law are deemed to be successive and require authorization from the court of appeals in order to be filed. 28 U.S.C. § 2255(h); *Gilbert v. United States*, 640 F.3d 1293, 1295 (11th Cir. 2011) (petitioner who claims his career offender enhancement is invalid in light of subsequently decided authority may not raise the issue in a second § 2255 petition filed with the district court as such a petition is barred by § 2255(h)). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. *Winestock*, 340 F.3d at 205.

As the instant motions attack the same conviction and sentence as was earlier challenged by petitioner's prior § 2255 motion, they are properly construed as second or successive § 2255 petitions and this Court is without jurisdiction to consider them in the absence of pre-filing authorization. Petitioner is not required to receive notice of the Court's re-characterization of his Rule 60(b) motion as it has been found to be second or successive. *See United States v. Emmanuel*, 288 F.3d 644, 650 (4th Cir. 2002); *United States v. Brown*, 132 F. App'x 430, 431 (4th Cir. 2005) (unpublished).

Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the

district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). Because reasonable jurists would not find this dismissal debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, for the reasons discussed above, the government's motion to dismiss [DE 94] is GRANTED and petitioner's motion to vacate under 28 U.S.C. § 2255 [DE 97] and Rule 60(b) motion, herein re-characterized as a motion to vacate pursuant to 28 U.S.C. § 2255 [DE 88], are DISMISSED for want of jurisdiction. A certificate of appealability is DENIED.

SO ORDERED, this 12 day of December, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE